THE FIRST NATIONAL BANK OF JERSEY CITY, Respondent,
*v.* JOHN LINDENMEYER, Appellant.

*Supreme Court, First Department, General Term, January 24, 1890.*

*Deposition.   Examination before trial.*—An affidavit, which does not contain a statement that the facts are not within the plaintiff's knowledge, or that it cannot prove all that it seeks to extract from the defendant, or that it cannot procure the attendance of the defendant at the trial, is insufficient to authorize an order for the examination of the defendant, where its object of the examination is to discover his grounds of defense.

Appeal from order denying motion to vacate order for examination of the defendant.

*Lucien Birdseye*, for appellants.

*Hamilton Wallis*, for respondent.

VAN BRUNT, P. J.—It seems to be apparent, upon an examination of the affidavit upon which the order for examination was granted in the case at bar, that the object was to obtain in advance of the trial a statement by the defendant sought to be examined of the grounds of his defense, so that the plaintiff may be the better prepared to meet the same upon the trial.

This in one part of the affidavit is the avowed object, as it is stated that one of the objects of the examination is to ascertain the claims of the defendant in respect to the payment of the special capital.

Furthermore, no facts are stated showing that this examination is necessary to the plaintiff.   An attempt is made

to do so upon the allegation of the absence of entries in the books of the defendant firm, but there is no statements that the facts are not within the knowledge of the plaintiff's officers, nor that they have not at their disposal the means of proving all that they seek to extract from the plaintiff. Neither is it shown that there is any doubt about their being able to procure the attendance of the defendant sought to be examined at the trial.

These applications are addressed to the sound discretion of the court, and should only be granted where it appears that they are sought for a legitimate purpose and not merely upon a hope of discovering something of benefit to the party applying.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the order for examination vacated.

BRADY and DANIELS, JJ., concur.